IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOON EXPRESS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 16-344-LPS |
| | : | |
| INTUITIVE MACHINES, LLC, | : | |
| | : | |
| Defendant. | : | |

## **PRELIMINARY JURY INSTRUCTIONS**

ROLE OF JURORS

Members of the jury, now that you have been sworn in, I have the following preliminary

instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the

law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened.

I play no part in judging the facts. You should not take anything I may say or do during the trial

as indicating what I think of the evidence or what your verdict should be. My role is to be the

judge of the law. I make whatever legal decisions have to be made during the course of the trial,

and I will explain to you the legal principles that must guide you in your decisions. You must

follow that law whether you agree with it or not.

NATURE OF THE CASE

The parties in this case are Moon Express, Inc. (which may be referred to as "Moon

1

Express" or "ME" or "plaintiff") and Intuitive Machines, LLC (which may be referred to as "Intuitive Machines" or "IM" or "Defendant").

ME is in the business of designing and manufacturing spacecraft for commercial missions to the Moon and other destinations in the solar system. IM is in the business of designing and building specialized space vehicles, spacecraft software, drone systems and other computer modeling and simulation software.

The dispute between ME and IM involves two contracts that will be referred to as: (1) the Flight Software Contract, and (2) the Terrestrial Return Vehicle ("TRV") Contract. Both ME and IM have filed breach of contract and other claims against each other relating to each of these contracts.

Under the Flight Software Contract, IM agreed to develop software for a lunar lander. A lunar lander is a spacecraft designed to conduct a landing on the moon. The parties' obligations under the Flight Software Contract were divided into three consecutive phases (A, B & C). ME claims that IM breached the Flight Software Contract by not fulfilling certain conditions set forth in Phase A of the parties' agreement, including delivering certain software. IM claims that it fulfilled its obligations under the Flight Software Contract and was ready to deliver the required software, and that ME breached the contract by refusing to fulfill the payment obligations at the end of Phase A.

The TRV Contract was signed by the parties on October 6, 2015. A TRV is a small robotic spacecraft designed to return materials from the International Space Station for commercial and scientific use. Under the TRV Contract, IM agreed to provide ME with certain intellectual property rights and documentation associated with the TRV, and eventually the first

2

TRV. In exchange, ME was obligated to make monthly payments to IM in accordance with a schedule. ME claims that IM breached the TRV Contract by not providing everything it was required to deliver under the TRV Contract completely and on time. IM claims that it complied with its obligations under the TRV Contract and that ME breached the TRV Contract by refusing to make payments due according to the payment schedule.

CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends.

You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, or through any blog, website, internet chat room, or

3

by way of any other social networking websites or services including Facebook, Instagram, Snapchat, LinkedIn, Twitter, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims, counterclaims, or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

THE ROLE OF ATTORNEYS

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

An attorney may argue all reasonable conclusions from evidence in the record. It is not

4

proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

Notwithstanding what you have may have seen on television or at the movies, the attorneys in this trial will be expected to act professionally, argue persuasively, and conduct themselves with civility.

BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

EVIDENCE

The evidence from which you are to find the facts consists of the following:

5

1. The testimony of the witnesses, whether live or by way of deposition;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated—that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an

6

obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his or her own senses—something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that

7

would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.


DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape.

During the trial, certain testimony may be presented to you by the reading of a deposition transcript or by the playing of segments of videotaped deposition testimony. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

In this case, you may be read or shown deposition testimony of individual witnesses as well as deposition testimony of the defendant company, Intuitive Machines. For certain identified issues, Intuitive Machines chose two officers of the company, Steven Altemus and Timothy Crain, to testify and speak as representatives of the company. Mr. Altemus and Mr. Crain may also testify as individual witnesses, not in the capacity as representatives of Intuitive Machines. It will be made clear to you when Mr. Altemus and Mr. Crain were specifically testifying on behalf of Intuitive Machines. That testimony should be considered to be the company's testimony, and you should consider and weigh the deposition testimony in the same

8

way as you would the testimony of a witness who has testified in court.

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

9

ATTORNEY-CLIENT PRIVILEGE

During the trial, you should know that it's perfectly proper for any witness to invoke the attorney-client privilege while testifying, and you shouldn't draw any conclusion adverse to either party simply because a witness has invoked the privilege. Nor should you speculate on what the witness might have testified if the privilege had not been raised. Confine your deliberations to the testimony that you have heard and to the documents in evidence.

NOTE-TAKING BY JURORS

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use—they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.

Here are some other specific points to keep in mind about note taking:

1.      Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2.      Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times,

distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3.      Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.      Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room.


PREPONDERANCE OF THE EVIDENCE

This is a civil case. The plaintiff, Moon Express, has asserted claims against Intuitive Machines in this lawsuit. Moon Express has the burden of proving its claims against Intuitive Machines by what is called the preponderance of the evidence. That means Moon Express has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say

11

it differently: if you were to put the evidence favorable to Moon Express and the evidence favorable to Intuitive Machines on opposite sides of the scales, Moon Express would have to make the scales tip somewhat on its side. If Moon Express fails to meet this burden, the verdict must be for Intuitive Machines on Moon Express's claims. If you find, after considering all the evidence, that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

Intuitive Machines has also asserted claims for relief against Moon Express in this lawsuit, called counterclaims. On Intuitive Machines' counterclaims, Intuitive Machines has the same burden of proof as Moon Express has on its claims. In other words, with respect to Intuitive Machines' counterclaims against Moon Express, Intuitive Machines must prove its case by a preponderance of the evidence. If Intuitive Machines fails to meet this burden, the verdict must be for Moon Express on Intuitive Machine's claims. If you find, after considering all the evidence, that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, Intuitive Machines and Moon Express have the burden of proving the elements by clear and convincing evidence. I will instruct you specifically on the issues that require a showing of clear and convincing evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter

12

standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## CLEAR AND CONVINCING EVIDENCE

As I mentioned, certain claims and defenses must be proved by clear and convincing evidence. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. To establish proof by clear and convincing evidence means to prove something that is highly probable, reasonably certain, and free from serious doubt. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.

## DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

First, attorneys for Moon Express will make an opening statement to you. Next, attorneys for Intuitive Machines will make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Next, Moon Express will present its case, including evidence and witnesses, whom counsel for Intuitive Machines may cross-examine. Following Moon Express's case, Intuitive Machines will present its case, including evidence and witnesses, whom counsel for Moon Express may cross-examine. After the parties' main cases are presented, they may be permitted

13

to present what is called rebuttal evidence.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence.

Once the evidence has been presented, I will also instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.


TRIAL SCHEDULE

Though you may have heard me say this during voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take five business days to try, between now and January 12, 2018. We will normally begin the day at 9:00 a.m. We will take a morning break, a lunch break, and an afternoon break, before ending around 4:30 p.m. If you need a break at some additional time—perhaps to use the restroom, or perhaps because you are feeling drowsy—you should try to get my attention or my staff's attention by waving or standing, and we'll do our best to accommodate you.

One significant exception to our schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Finally, please understand that this is a timed trial. That means the Court has allocated to each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case by no later than this Friday, January 12. Of course, to keep on schedule, it is important that you be here promptly each

14

morning and be ready at the end of each of our scheduled breaks.

Also, what I have just outlined above is the general schedule.  Due to other commitments I have, I already know that certain of our days will be shorter than what I have described.  Here is the specific schedule I expect to follow this week:

| | |
|---|---|
| Monday, January 8: | end at 4:30 p.m. |
| Tuesday, January 9: | begin at 9:00 a.m.<br>end at 4:00 p.m. |
| Wednesday, January 10: | begin at 9:00 a.m.<br>end at 3:00 p.m. |
| Thursday, January 11: | begin at 9:30 a.m.<br>end at 4:30 p.m. |
| Friday, January 12: | begin at 9:00 a.m.<br>end at 4:30 p.m. |

15