IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOON EXPRESS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-cv-344-LPS |
| INTUITIVE MACHINES, LLC, | : |
| Defendant. | : |

**PLAINTIFF MOON EXPRESS, INC.'S
MOTION TO STAY JUDGMENT OF MONETARY AWARD AND
OPPOSITION TO DEFENDANT INTUITIVE MACHINES, LLC'S
MOTION TO PERMIT REGISTRATION OF JUDGMENT**

Plaintiff/Counterclaim-Defendant Moon Express, Inc. ("Moon Express") hereby moves for a stay of judgment under Federal Rule of Civil Procedure 62(b) and opposes the motion of Defendant/Counterclaim-Plaintiff Intuitive Machines, LLC ("Intuitive Machines") to permit registration of judgment (the "Registration motion"). D.I. 210. For the reasons set forth below, Moon Express' motion to stay should be granted, and Intuitive Machines' Registration motion should be denied.

**I.  INTRODUCTION**

Intuitive Machines has continued its serial motion practice with its Registration motion in seeking to enforce its judgment, despite the pendency of Moon Express' Motion for a New Trial. Just two weeks ago, Intuitive Machines filed a similar motion, seeking to enforce the judgment that Moon Express turn over 590,710 shares of common stock. *See* D.I. 198. Moon Express moved for a stay of that judgment and opposed Intuitive Machines' motion. D.I. 211. Intuitive Machines' latest motion necessitates another motion to stay, under the well-settled case law that

a judgment should be stayed while post-trial motions are considered by the Court. Moon Express explained this already in its previous Motion to Stay and the same reasoning applies here. Accordingly, Moon Express incorporates the arguments from its previous Motion to Stay and requests that the Court (1) grant this second motion to stay pending adjudication of Moon Express' motion for a new trial. and (2) deny the Registration motion.

## II.   JUDGMENT ON THE MONETARY AWARD SHOULD BE STAYED

As Moon Express explained in its Motion to Stay the issuance of 590,710 shares of stock, Federal Rule of Civil Procedure Rule 62(b) allows the Court to stay a judgment while entertaining post-trial motions: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition [of a motion under Rule 50, 52(b), 59, or 60]." These stays are routine in cases in which there are post-trial motions pending. *See* D.I. 211 at 3-4.

As it did with its previous Motion to Stay, Moon Express asks the Court to apply this settled approach and stay enforcement of the money judgment until resolution of Moon Express' motion for a new trial. That stay should similarly extend to Intuitive Machines' recently served post-judgment discovery requests. If a stay in execution of judgment is in place, there is no need for the parties to engage in discovery in aid of that stayed execution. Moon Express already filed its Motion for New Trial on March 22, 2018. D.I. 195. And that motion will be fully briefed by May 9, 2018. Although a bond should not be necessary under these circumstances, to the extent the Court may require "security" for this stay, Moon Express is in the process of seeking a bond for the monetary judgment that it will deposit with the Court. [1]

---

[1] Should this Court deny the Rule 59 motion, Moon Express reserves its right to seek to stay enforcement of the judgment pending the resolution of an appeal, if any. This motion is without prejudice to such right.

### III. INTUITIVE MACHINES' REGISTRATION MOTION SHOULD BE DENIED

Intuitive Machines' motion to register the monetary judgment in another jurisdiction under 28 U.S.C. § 1963 should be denied. As Intuitive Machines concedes, registration under § 1963 is only proper when there is a final judgment. *See* 28 U.S.C. § 1963, D.I. 210 at 2-3. And there is no final judgment in this case because Moon Express' meritorious motion for a new trial remains pending. D.I. 195. The only escape from the finality required by § 1963 is its "good cause" exception. Intuitive Machines' Registration motion is premature.

Although "good cause" may exist if a judgment debtor has no assets in the judgment jurisdiction, but has assets in another jurisdiction, *see Assoc. Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 68 (D.N.J. 1989), registration still "should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond," *Cheminova A/S v. Griffin LLC*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002). As explained above, Moon Express is in the process of obtaining a bond for the money judgment in this case. Thus, Intuitive Machines' Registration motion is premature and should be denied.

### IV. CONCLUSION

The Court should grant Moon Express' motion to stay, reject Intuitive Machines' Registration motion, and keep the status quo while the Court adjudicates Moon Express' motion for a new trial.

| | |
|---|---|
| Dated: April 27, 2018 | **DLA PIPER LLP (US)** |

**OF COUNSEL:**

Michael P. O'Day
(admitted pro hac vice)
**DLA PIPER LLP (US)**
6225 Smith Avenue
Baltimore, MD 21209-3600
Tel: 410-580-4293
Fax: 410-580-3293
michael.oday@dlapiper.com

Ilana H. Eisenstein
(admitted pro hac vice)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Tel: 215 656 3351
Fax: 215 606 3351
ilana.eisenstein@dlapiper.com

Marc A. Silverman
(pro hac vice to be filed)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-335-4500
Fax: 212-335-4501
marc.silverman@dlapiper.com

*/s/ R. Craig Martin*
R. Craig Martin (DE I.D. No. 5032)
Ethan H. Townsend (DE I.D. No. 5813)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  302-468-5700
Facsimile:  302-394-2341
craig.martin@dlapiper.com
ethan.townsend@dlapiper.com

*Attorneys for Plaintiff Moon Express, Inc.*